## WHEELER'S ADMINISTRATOR v. WILKINSON.

Special contract—inducement—receipt—privilege—common counts.

Where there is a receipt for articles by the defendant, with a privilege to pay for them according to the terms of a contract referred to, the plaintiff may declare on the receipt, or for goods sold; he is not obliged to set out the contract referred to.

In such case, if the pay is demanded under the contract and refused, the privilege of paying according to it is at an end, and the demand becomes a money demand, which may be sued on the common counts.

ASSUMPSIT. The 1st count on a note, dated 26th April, 1831, for $1647 30, in assorted castings and pig iron, on demand; 2d, on a receipt of the same date and tenor; 3d, on a special assumpsit; 4th, the common counts. Plea non assumpsit.

On trial, the plaintiff offered a receipt, dated 26th April, 1831, for $1647 30, to be paid in iron, &c. as per contract with Root and Wheeler, of the 30th September, 1830, and the contract between Root and Wheeler. They then proved a demand of payment and a refusal, until Wheeler discharged a mortgage, which the defendant claimed was a lien on the purchase, but which Wheeler denied had existence.

The defendant objected that the suit should have been brought on the *original* contract, and not on the receipt, referring to it. A verdict was taken for the plaintiff for $1857 69, subject to the opinion of the court, on the objection raised.

*Giddings*, for the defendant, now moved to set aside the verdict, and for a non suit. He contended that the receipt does not support the suit, as it only ascertains the value, leaving the payment to be judged by the contract, and fails to. explain the terms of the contract. That the contract was between different persons, and is variant from the proof and suit. He cited 3 *Stark. Ev.* 1561.

*P. Hitchcock*, contra, insisted that the action will lay on the receipt. It referred to the contracts to ascertain what articles the defendant was bound to receive. It showed they were bound to receive all the coal and ore on hand, not over one hundred thousand pounds of the former and seven hundred tons of the latter, and to pay in pig iron, castings, and those good and assorted, not exceeding sixty tons pig and sixteen tons castings, at wholesale prices. The receipts were for what had been received. There is nothing in the contract about the mortgage, though that is the ground of refusal to pay.

BY THE COURT. The paper called a receipt, establishes the amount of goods received, and stipulates to pay under the contract. The mode of payment is a privilege of the defendant, but he must

avail himself of the privilege, according to his contract, when the articles are demanded, and if he refuse, he makes it a money demand, and puts an end to the special contract, leaving the plaintiff at liberty to recover on the common counts.

Judgment on the verdict.